UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NEAL PAPIN,

        Plaintiff,                      Case No. 17-13999

v                                                  Honorable Thomas L. Ludington

COUNTY OF BAY,

        Defendant.
_____/

## ORDER GRANTING MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS AND DIRECTING PAYMENT OF COSTS

On December 12, 2017, Plaintiff Neal Papin filed a complaint against Defendant County of Bay ("County"). ECF No. 1. Plaintiff claimed that Defendant retaliated against him for exercising his free speech rights, discriminated against him due to his political affiliation, and violated the Michigan Whistleblowers' Protection Act. *Id.* On September 7, 2018, Defendant filed a motion for summary judgment. ECF No. 9. The motion was granted on December 11, 2018. ECF No. 13. Plaintiff subsequently filed a motion for reconsideration that was denied. ECF Nos. 15, 19.

On January 4, 2019, Defendant filed a Bill of Costs. ECF No. 16. The Bill of Costs Handbook provides

> If a transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion, the date it was filed, and, if available, the exhibit or attachment number. Excerpts of the deposition transcripts used in support of a motion should be attached as an exhibit to the motion. If not attached as an exhibit, counsel must provide the page number of the motion or brief where the transcript was referenced to be awarded costs…Costs will be denied without the supporting documentation.

U.S. District Court Eastern District of Michigan Bill of Costs Handbook, Section II(C). Defendant's Bill of Costs included invoices for the depositions of Plaintiff, Shawna Walraven,

Tiffany Jerry, Cristen Marie Gignac, Lisa Neal, Wanda Behmlander, and Amber Davis-Johnson. ECF No. 16. However, Defendant did not attach the depositions and did not include the title and date of the motions referencing the depositions. *See id.* On April 25, 2019, the Clerk's Office declined to issue a tax against Plaintiff, stating "Court reporter fees are denied, as the bill of costs fails to document how the corresponding deposition transcripts/videos were used by the prevailing defendant. (See Bill of Costs Handbook, Section II(C), page 3.)" ECF No. 31. It also provided that "[a]fter the taxation clerk has taxed costs, counsel for either side may, within seven (7) days, file motions to review the clerk's action." *Id.*[1]

On May 3, 2019, Defendant filed a motion to review the taxation of costs. ECF No. 21. Unlike its initial Bill of Costs, Defendant's motion complies with the requirements of the Bill of Costs Handbook. Defendant explains that it had used the transcripts in its motion for summary judgment and identified the pages of the motion referencing the transcripts. *Id.* at PageID.474-475. Defendant also explains that the transcripts had been attached as exhibits to its motion for summary judgment and identifies the exhibit containing each transcript. *Id.* at PageID.475.

Federal Rule of Civil Procedure 54 provides that "the court must, on a party's request, give an opportunity for adversary submissions on the motion…" Fed. R. Civ. Pr. 54(d)(2)(C). Defendant filed his motion on May 3, 2019. Under Local Rule 7.1, Plaintiff had fourteen days to file a response, but did not do so. Accordingly, Defendant's motion is unopposed.

It is **ORDERED** that Defendant's motion to review the clerk's taxation of costs, ECF No. 21, is **GRANTED**.

---

[1] Federal Rule of Civil Procedure 54 provides "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. Pr. 54(d)(1).

It is further **ORDERED** that Plaintiff is **DIRECTED** to pay Defendant costs in the amount of $3,874.03.

Dated: May 30, 2019                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge